UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBBIE NATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No.4:13-cv-940 |
| | § | |
| AMSHER COLLECTION SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

DEBBIE NATION (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against AMSHER COLLECTION SERVICES, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

PLAINTIFF'S COMPLAINT                                                                 1

6. Plaintiff is a natural person residing in Houston, Harris County, Texas.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is an alleged debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national debt collection company and conducts business in Texas.

## FACTUAL ALLEGATIONS

10. In or around December of 2012, Defendant began constantly and consistently placing collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

11. Plaintiff's alleged debt owed arises from transactions used for personal, family, and household purposes.

12. Defendant contacts Plaintiff at telephone number 281-235-79XX.

13. Defendant calls Plaintiff from telephone numbers that include, but are not limited to telephone numbers: 800-246-9590, 866-732-1626, 877-364-4673, and 205-313-2612.

14. Defendant contacted Plaintiff an excessive amount of times by calling Plaintiff multiple times per day on a near-daily basis.

15. On February 6, 2013, Defendant placed three collection calls to Plaintiff.

16. On February 7, 2013, Defendant placed one collection call to Plaintiff.

17. On February 8, 2013, Defendant placed one collection call to Plaintiff.

18. On February 11, 2013, Defendant placed two collection calls to Plaintiff.

19. On February 12, 2013, Defendant placed one collection call to Plaintiff.

20. On February 13, 2013, Defendant placed three collection calls to Plaintiff.

21. On February 14, 2013, Defendant placed one collection call to Plaintiff.

22. On February 15, 2013, Defendant placed one collection call to Plaintiff.

23. On February 18, 2013, Defendant placed two collection calls to Plaintiff.

24. On February 19, 2013, Defendant placed one collection call to Plaintiff.

25. On February 20, 2013, Defendant placed two collection calls to Plaintiff.

26. On February 21, 2013, Defendant placed one collection call to Plaintiff.

27. On February 22, 2013, Defendant placed two collection calls to Plaintiff.

28. On February 25, 2013, Defendant placed three collection calls to Plaintiff.

29. On February 26, 2013, Defendant placed three collection calls to Plaintiff.

30. On February 27, 2013, Defendant placed three collection calls to Plaintiff.

31. On February 28, 2013, Defendant placed one collection call to Plaintiff.

32. Between February 6, 2013 and February 28, 2013, Defendant placed no less than thirty-one phone calls to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff

WHEREFORE, Plaintiff, DEBBIE NATION, respectfully requests judgment be entered against Defendant, AMSHER COLLECTION SERVICES, INC., for the following:

34. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

36. Any other relief that this Honorable Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

                    By: /s/ Ryan Lee
                        Ryan Lee
                        Krohn & Moss, Ltd.
                        10474 Santa Monica Blvd., Suite 405
                        Los Angeles, CA 90025
                        Tel: 323-988-2400 x241
                        Fax: 866-583-3695
                        rlee@consumerlawcenter.com
                        Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, DEBBIE NATION, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DEBBIE NATION, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

March 04, 2013
Date

DEBBIE NATION